UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTICE HINOJOSA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00195-JLT-EPG<br><br>ORDER DENYING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER WITHOUT PREJUDICE<br><br>(ECF No. 21) |

On May 3, 2022, Plaintiff Justice Hinojosa and Defendant Trans Union, LLC filed a joint motion for entry of protective order. (ECF No. 21). The parties' joint motion "seek[s] an umbrella protective order which permits them to designate certain information as confidential." (*Id.* at 2). The joint motion will be denied, without prejudice, because it does not comply with Local Rule 141.1 and the Court's established procedures.

Local Rule 141.1(c), requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

1

    (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E.D. Cal. L.R. 141.1(c).

    Regarding Local Rule 141.1(c)(1)-(2), the parties have failed to provide an adequate description of the types of information eligible for protection and a particularized showing of need for protection as to each category of information covered by their proposed order. The parties' stipulated protective order defines "confidential" information to mean "a document reasonably designated as confidential under this protective order."[1] (ECF No. 21-1, p. 1). However, such description is not sufficient "in general terms [] to reveal the nature of the information" under LR 141.1(c)(1). For example, the parties do not generally identify "confidential" information to include, *e.g.*, a customer list or some other descriptor to reveal the general type of information deemed confidential. Moreover, the parties fail to make "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." LR 141(c)(2).

    Accordingly, IT IS ORDERED that the parties' joint motion for entry of protective order (ECF No. 21) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **May 4, 2022**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court recognizes that the parties' joint motion includes some examples of information they deem confidential—"information about Defendant's processes for receiving, maintaining, and reporting confidential credit information"—however "confidential" is not so defined in the parties' protective order. (ECF No. 2, p. 2).